**STEVEN J. ROTHANS-STATE BAR NO. 106579**
**KATRINA J. VALENCIA-STATE BAR NO. 230931**
**CARPENTER, ROTHANS & DUMONT LLP**
**500 S. Grand Avenue, 19th Floor**
**Los Angeles, CA 90071**
**(213) 228-0400 / (213) 228-0401 (Fax)**
**srothans@crdlaw.com; kvalencia@crdlaw.com**

Attorneys for Defendant,
CITY OF BALDWIN PARK, a Public Entity

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ANTHONY ROMERO, an Individual. | ) Case No. 2:21-cv-07293-FMO-AFM |
| Plaintiff. | ) **DEFENDANT CITY OF BALDWIN** |
| v. | ) **PARK'S NOTICE OF MOTION AND** ) **MOTION TO DISMISS** |
| CITY OF BALDWIN PARK, a Municipal Entity, OFFICER RYAN FELTON, SERGEANT JOSEPH MEISTER, AND DOES 1 through 10, Inclusive. | ) **PLAINTIFF'S COMPLAINT, OR,** ) **ALTERNATIVELY, MOTION FOR** ) **A MORE DEFINITE STATEMENT;** ) **MEMORANDUM OF POINTS AND** ) **AUTHORITIES IN SUPPORT** ) **THEREOF** |
| Defendants. | ) [FRCP 12(b)(6); FRCP 12(e)] |
| | ) *[Filed Concurrently with Declaration of* ) *Katrina J. Valencia; [Proposed] Order]* |
| | ) DATE:           November 18, 2021 ) TIME:            10:00 a.m. ) COURTROOM:  6D |
| | ) |
| | ) Hon. **Fernando M. Olguin** |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on Thursday, November 18, 2021at **10:00**
**a.m.**, in Courtroom  of the above entitled court located at First Street Courthouse, 350
W. 1st Street, 10th Floor, Los Angeles, California 90012, Defendant CITY OF
BALDWIN PARK ("Defendant") will and does hereby move this Court to dismiss

Plaintiff's Complaint for Damages for failure to state a claim upon which relief can be granted, pursuant to <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(6) on the following grounds.

> (1) Plaintiff's Second Claim for Violation of Civil Rights pursuant to 42 U.S.C. § 1983 fails as a matter of law as against City of Baldwin Park as the Complaint fails to allege facts [rather than conclusory allegations] sufficient to give rise to a viable <u>Monell</u>-based claim.

> (2) Plaintiff's Claim for Punitive Damages against the City is improper.

> (3) In the event that Plaintiff's Complaint is not dismissed in its entirety, Defendant City of Baldwin Park, a public entity, is entitled to a more definite statement pursuant to <u>Federal Rules of Civil Procedure</u>, Rule 12(e), as Plaintiff's allegations are so vague and ambiguous that Defendant cannot reasonably be required to frame a responsive pleading.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Katrina J. Valencia, any papers and pleadings currently on file with the Court, and upon any further arguments and evidence at the hearing on this Motion.

## MEET AND CONFER STATEMENT

This Motion is made following efforts by Defendant to meet and confer with Plaintiff's counsel pursuant to L.R. 7-3.  Meet and confer efforts took place between October 7, 2021 and October 12, 2021 through a series of emails and an extended phone conference.  Despite the parties engaging in a substantive meet and confer, they were unable to reach an agreement and this Motion remained necessary. (Declaration of Katrina J. Valencia, ¶¶ 4-5.)

DATED:  October 18, 2021  CARPENTER, ROTHANS & DUMONT LLP

       By: */s/ Katrina J. Valencia*

       STEVEN J. ROTHANS
       KATRINA J. VALENCIA
       Attorneys for Defendant
       CITY OF BALDWIN PARK, a Public Entity

DEFENDANT CITY OF BALDWIN PARK'S NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF CONTENTS

**Page(s):**

I.  INTRODUCTION ................................................................................... 1

II.  STATEMENT OF FACTS ....................................................................... 2

III.  LEGAL STANDARD ............................................................................. 3

IV.  PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 FAILS AS A MATTER OF LAW ........... 4

    A.  No Evidence of Failure to Train and Supervise.................................... 5

    B.  No Facts to Support Plaintiff's Claim of Unconstitutional Policies, Custom and Practices. ..................................................................... 8

V.  PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES IS IMPROPER. .......... 10

VI.  ALTERNATIVELY, A MORE DEFINITE STATEMENT IS NEEDED ....... 11

VII.  CONCLUSION .................................................................................. 12

# TABLE OF AUTHORITITES

**Page(s):**

**Cases**

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ..............................................................3, 4, 5
Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) ..............................................................3, 4, 5
City of Canton v Harris,
  489 U.S. 378 (1989) ...................................................................6, 7
City of Newport v. Fact Concerts, Inc.,
  453 U.S. 247 (1981) ......................................................................11
Danielson v. Wells Fargo Bank,
  No. CV-11-5927 PSG-PLAx, 2011 WL 4480849 (C.D. Cal. Sept. 26, 2011) .......10
Delgado v. Nationstar Mortgage LLC,
  No. 2:14-CV-02547-ODW, 2014 WL 2115218 (C.D. Cal. May 21, 2014) ...........11
Dougherty v. City of Covina,
  654 F.3d 892 (9th Cir. 2011) ..........................................................9
Dwares v. City of New York,
  985 F.2d 94 (2d Cir. 1993) .............................................................6
Famalare, Inc. v. Edison Bros. Stores, Inc.,
  525 F.Supp. 940 (E.D. Cal. 1981) ...................................................11
Grier v. Brown,
  230 F. Supp. 2d 1108 (N.D. Cal. 2002)..............................................7
Ivey v. Board of Regents,
  673 F.2d 266 (9th Cir. 1982) .......................................................1, 7
Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.,
  940 F.2d 397 (9th Cir. 1991) ........................................................11
McLaurin v. New Rochelle Police Officers,
  373 F.Supp.2d 385 (S.D. N.Y. 2005) ..............................................5, 6
Monell v. Department of Social Services of City of N.Y.,
  436 U.S. 658 (1978) ......................................................................5
Palermo v. Town of N. Reading,
  370 Fed. Appx. 128 (10th Cir. 2010) ..............................................10
Reitz v. Cty. of Bucks,
  125 F.3d 139 (3d Cir. 1997) ...........................................................6
Rodriguez v. City of Modesto,
  535 Fed. Appx. 643 (9th Cir. 2013) ..............................................5, 9
Sarus v. Rotundo,
  831 F.2d 397 (2d Cir. 1987) ...........................................................6

Sprewell v. Golden State Warriors,
 266 F. 3d 979 (9th Cir. 2001) .................................................................4
Stanley v. Goodwin,
 475 F. Supp. 2d 1026 (D. Haw. 2006) ..................................................9
Via v. City of Fairfield,
 833 F. Supp. 2d 1189 (E.D. Cal. 2011) ...........................................9, 10
Warren v. Fox Family Worldwide, Inc.,
 328 F.3d 1136 (9th Cir. 2003) ..............................................................1
Western Mining Council v. Watt,
 643 F. 2d 618 (9th Cir. 1981) ...............................................................4
Whittlestone, Inc. v. Handi–Craft Co.,
 618 F.3d 970 (9th Cir.2010) ................................................................10
Wilson ex rel. Bevard v. City of W. Sacramento,
 No. CIV. 2:13-2550 WBS, 2014 WL 1616450 (E.D. Cal. Apr. 22, 2014) .......5, 7, 9

Statutes

42 U.S.C. § 1983 ...............................................................................passim
Cal. Gov. Code, § 818 ............................................................................11
Cal. Civ. Code § 3294 ............................................................................11

Rules

Fed. R. Civ. P. 8 ...................................................................................3, 4
Fed. R. Civ. P. 12(e) ...............................................................................11
Fed. R. Civ. P 8(a)(2) ...............................................................................3
Fed. R. Civ. P 12(b)(6) ......................................................................passim
Fed. R. Civ. P 12(f) ...........................................................................10, 11

Other Authorities

Cotton v. City of Chi.,
 2003 U.S. Dist. LEXIS 8892, *2 (N.D. Ill. 2003) ..............................13
McNicholas v. Elrod,
 1990 U.S. Dist. LEXIS 15415 (N.D. Ill. 1990) .................................14
Morales v. New York City Police Department,
 2000 U.S. Dist. LEXIS 93, *2 (S.D.N.Y. Jan. 6, 2000) ......................14

-iii-
TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case arises out of an incident that occurred during the early morning hours of September 22, 2019. The Complaint alleges that Baldwin Park Police Department officers stopped a speeding vehicle in which Plaintiff was passenger and, once, stopped, Plaintiff exited the vehicle and fled on foot. Plaintiff was detained and taken to the precinct where he was later released to his mother.

As a result of this encounter, Plaintiff filed suit against the City of Baldwin Park, Officer Felton, and Sergeant Meister alleging various theories of civil liability. In light of numerous conclusions of law, sweeping generalizations, and an absence of particularized facts to support the claim against the City, Defendant City of Baldwin Park moves to dismiss. Specifically, the City of Baldwin Park moves to dismiss Plaintiff's Second Claim for alleged Monell violations as the Complaint is silent as to any specific incidents demonstrating a pattern of custom, practice, or policy of violating constitutional rights. Moreover, the Complaint fails to identify specific facts that would demonstrate a failure to supervise or lack of training claim. Instead, the Complaint is riddled with general allegations.

With respect to civil rights Complaints filed in the Ninth Circuit, plaintiffs are held to a higher pleading standard. Specifically, a "liberal interpretation of a civil rights complaint may not supply essential elements of a claim that were not initially pled." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, the Ninth Circuit has indicated that it does not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). This is precisely the defect at issue here, where the facts alleged cannot give rise to the specificity required for a Monell claim.

In short, Plaintiff has failed to set forth **specific factual allegations** to support his Monell-related claims against the City. For these reasons, and due to other specific

1   deficiencies in the Plaintiff's claims, Defendant City of Baldwin Park hereby moves

2   to dismiss the Complaint, pursuant to <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(6).

3   **II.    STATEMENT OF FACTS**

4       The following facts are taken from the Plaintiff's Complaint.   On or about

5   September 22, 2019 at approximately 2:53 a.m. Plaintiff was seated in the rear of a

6   Chrysler 300 being operated by an unlicensed minor.   When the driver saw two

7   Baldwin Park Police vehicles parked on the side of the road, he accelerated which

8   resulted in the driver of one vehicle to effectuate a traffic stop.   The second police

9   vehicle, operated by Officer Felton, also stopped behind the Chrysler 300.   Plaintiff,

10  allegedly afraid of arrest, exited the rear of the Chrysler 300 and raced down an alley.

11      Officer Felton gave chase on foot, yelled for Plaintiff to stop, and identified

12  himself as a police officer.   Plaintiff eventually stopped.   Plaintiff claims that at this

13  point Officer Felton kicked him in the ribs and the face.

14      Officer Felton then detained Plaintiff in handcuffs, walked him back to the

15  police vehicle, and searched him.   Plaintiff claims that after Officer Felton placed

16  Plaintiff in the rear of the cruiser, Officer Felton struck Plaintiff in the face and body.

17      Plaintiff claims he was transported to the police station where he was taken to

18  a small room and left with Officer Felton and Sergeant Meister. Plaintiff claims

19  Sergeant Meister struck Plaintiff in the head multiple times before he was released to

20  his mother.

21      The next day Plaintiff's mother filed a complaint against Officer Felton and was

22  informed by an unnamed Detective that the incident with Officer Felton would be

23  investigated.

24      Plaintiff claims that "express policies and/or longstanding customs and

25  practices" of the City "actually and proximately" caused Plaintiff's damages.

26  ///

27  ///

28  ///

MEMORANDUM OF POINTIS AND AUTHORITIES ISO DEFENDANT CITY
OF BALDWIN PARK'S NOTICE OF MOTION AND MOTION TO DISMISS

### III.    LEGAL STANDARD

Under <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(6), a district court must dismiss a Complaint if it fails to state a claim upon which relief can be granted.  To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id</u>. (quoting <u>Federal Rules of Civil Procedure</u>, Rule 8(a)(2)).

In <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544 (2007), the Supreme Court discussed a motion to dismiss for failure to state a claim in light of <u>Federal Rule of Civil Procedure</u>, Rule 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." <u>Federal Rules of Civil Procedure</u>, Rule 8(a)(2).  In <u>Twombly</u>, the Court recognized that Rule 8 does not require "detailed factual allegations," but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 555).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." <u>Ashcroft</u>, 556 U.S. at 678 (internal citations and quotations omitted). In <u>Ashcroft v. Iqbal</u>, the Supreme Court discussed at length the two guiding principles established by <u>Twombly</u>:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion

MEMORANDUM OF POINTIS AND AUTHORITIES ISO DEFENDANT CITY OF BALDWIN PARK'S NOTICE OF MOTION AND MOTION TO DISMISS

1   couched as a factual allegation"). Rule 8 marks a notable and generous

2   departure from the hyper-technical, code-pleading regime of a prior era,

3   but it does not unlock the doors of discovery for a plaintiff armed with

4   nothing more than conclusions.

5   Id. at 678-79 (internal citations omitted).

6   The second principle enunciated by the Court in Twombly focuses on the

7   plausibility of a claim for relief:

8   Second, only a complaint that states a plausible claim for relief survives

9   a motion to dismiss. Determining whether a complaint states a

10  plausible claim for relief will . . . be a context-specific task that requires

11  the reviewing court to draw on its judicial experience and common

12  sense. But where the well-pleaded facts do not permit the court to infer

13  more than the mere possibility of misconduct, the complaint has

14  alleged—but it has not show[n]—that the pleader is entitled to relief.

15  Id. at 679 (internal citations and quotations omitted).

16  In other words, the plaintiff's complaint must contain facts that "nudge[] [his]

17  claims . . . across the line from conceivable to plausible." Id. at 680 (citing Twombly,

18  550 U.S. at 570).

19  Therefore, a court is not required to accept as true the allegations that are

20  "merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

21  Sprewell v. Golden State Warriors, 266 F. 3d 979, 988 (9th Cir. 2001); Western

22  Mining Council v. Watt, 643 F. 2d 618, 624 (9th Cir. 1981).

23  **IV.   PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF CIVIL RIGHTS**

24  **PURSUANT TO 42 U.S.C. § 1983 FAILS AS A MATTER OF LAW**

25  As noted above, to survive a motion to dismiss, a plaintiff must plead "only

26  enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S.

27  at 570. However, the Supreme Court has held that this "plausibility" standard "asks

28  for more than a sheer possibility that a defendant has acted unlawfully" and "stops

-4-

1   short of the line between possibility and plausibility." <u>Ashcroft</u>, 556 U.S. at 678

2   (quoting <u>Twombly</u>, 550 U.S. at 557).

3       When applying this pleading standard to claims for municipal liability under 42

4   U.S.C. § 1983 and <u>Monell v. Department of Social Services of City of N.Y.</u>, 436 U.S.

5   658 (1978), "**courts have repeatedly rejected conclusory <u>Monell</u> allegations that**

6   **lack factual content from which one could plausibly infer <u>Monell</u> liability**."

7   <u>Wilson ex rel. Bevard v. City of W. Sacramento</u>, No. CIV. 2:13-2550 WBS, 2014 WL

8   1616450, at *1 (E.D. Cal. Apr. 22, 2014) (citing <u>Rodriguez v. City of Modesto</u>, 535

9   Fed. Appx. 643, 646 (9th Cir. 2013)) (emphasis added).

10      **A.    No Evidence of Failure to Train and Supervise**

11      The City contends that Plaintiff has failed to state a claim upon which relief

12   may be granted pursuant to Rule 12(b)(6) because the allegations against the City

13   which seek to establish liability under a <u>Monell</u> theory are devoid of specific facts and

14   instances which highlight the specific training policies which allegedly caused the acts

15   complained of.

16      In general, to maintain a Section 1983 action against a municipal defendant, a

17   plaintiff **<u>must</u>** allege the existence of a municipal policy and that his injuries are

18   caused by that policy. <u>McLaurin v. New Rochelle Police Officers</u>, 373 F.Supp.2d

19   385, 399 (S.D. N.Y. 2005). A plaintiff may assert the existence of a municipal policy

20   in one of four ways: (1) a formal policy officially endorsed by the municipality; (2)

21   actions taken by the government officials responsible for establishing municipal

22   policies related to the particular deprivation in question; (3) a practice so consistent

23   and widespread that it constitutes a custom or usage sufficient to impute constructive

24   knowledge of the practice to policymaking officials; or (4) a failure by policy makers

25   to train or supervise subordinates. <u>Id</u>. at 399-400. Although the plaintiff need not

26   show that the municipality had an explicitly stated rule or regulation, **a single incident**

27   **alleged in a complaint, especially if it involved only actors below the policy-**

28   **making level, does not suffice to show a municipal policy**. <u>Id</u>. at 400 [Emphasis

1    added].

2        A municipality's failure to train, supervise, or discipline its police force may be

3    properly thought of as a city policy or custom that is actionable under § 1983‖ only

4    where the failure ―amounts to deliberate indifference to the rights of persons with

5    whom the police come into contact. <u>City of Canton v Harris</u>, 489 U.S. 378, 388-89

6    (1989). A plaintiff ―must identify a failure to provide specific [training, supervision,

7    or discipline] that has a causal nexus with their injuries and must

8    demonstrate that the absence of that specific [training, supervision, or discipline] can

9    reasonably be said to reflect a deliberate indifference to whether the alleged

10   constitutional deprivations occurred. <u>Reitz v. Cty. of Bucks</u>, 125 F.3d 139, 145 (3d

11   Cir. 1997)

12       An allegation that a municipality was "deliberately indifferent" to the need to

13   train, monitor, or supervise its employees, **without alleging any facts beyond the**

14   **specific instance giving rise to his Complaint, fails to adequately to plead a**

15   **custom or policy on the part of the municipality**. <u>Id</u>. at 401 (emphasis added); see

16   also <u>Dwares v. City of New York</u>, 985 F.2d 94, 100 (2d Cir. 1993); <u>Sarus v. Rotundo</u>,

17   831 F.2d 397, 402 (2d Cir. 1987).  The court in <u>McLaurin</u> held that two incidents that

18   allegedly rose to a constitutional deprivation, in the absence of facts showing those

19   incidents were the result of a municipality custom or policy, failed to state a claim and

20   the entity's motion to dismiss was granted.  <u>Id.</u> Here, Plaintiff has failed to even reach

21   this low bar. In fact, Plaintiff has failed to allege any training policy, custom, or

22   procedure that resulted in an alleged violation.

23       The Supreme Court has held that a claim for failure to train turns on the

24   deficiency of the program‖ as a whole and its application over time to multiple

25   employees. <u>Bd. of the Cnty. Comm'rs of Bryan Cnty. v. Brown</u>, 520 U.S.

26   397, 407 (1997). Consequently, allegations that a particular officer may be

27   unsatisfactorily trained will not alone suffice to fasten liability on the city, for the

28   officer's shortcomings may have resulted from factors other than a faulty training

MEMORANDUM OF POINTIS AND AUTHORITIES ISO DEFENDANT CITY
OF BALDWIN PARK'S NOTICE OF MOTION AND MOTION TO DISMISS

1   program. <u>City of Canton</u>, 489 U.S. at 390-91. Neither will it suffice to [allege] that an

2   injury or accident could have been avoided if an officer had had better or more

3   training. <u>Id</u>. at 391.

4       "Vague and conclusory allegations of official participation in civil rights

5   violations are not sufficient to withstand a motion to dismiss." <u>Ivey v. Bd. of Regents</u>

6   <u>of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).  "Although allegations of a

7   policy of 'failure to adequately train' may serve as the basis for 42 U.S.C.S. § 1983

8   liability, **plaintiffs are required to plead more than conclusory, boilerplate**

9   **allegations that a 'policy' exists.  Something more than a conclusory allegation is**

10  **necessary**.   There is no heightened standard of pleading.   Still, **there must be**

11  **sufficient facts pleaded to understand the gravamen of the plaintiff's complaint**."

12  <u>Cotton v. City of Chi</u>., 2003 U.S. Dist. LEXIS 8892, *2 (N.D. Ill. 2003) (emphasis

13  added).  The court in <u>Cotton</u> dismissed a <u>Monell</u> claim where all that existed to assert

14  liability against an entity were boilerplate, conclusory allegations that were entirely

15  lacking in factual support. Id. at *3-4.

16      Even under liberal pleading standards, a plaintiff seeking to assert a <u>Monell</u>

17  claim against a public entity must still allege some facts that make possible the

18  inference of a policy giving rise to municipal liability.  <u>Morales v. New York City</u>

19  <u>Police Department</u>, 2000 U.S. Dist. LEXIS 93, *2 (S.D.N.Y. Jan. 6, 2000).  Moreover,

20  the court in <u>McNicholas v. Elrod</u>, 1990 U.S. Dist. LEXIS 15415 (N.D. Ill. 1990), held

21  that in a § 1983 case, **a plaintiff must plead some fact or facts tending to support**

22  **his allegation that a <u>municipal policy</u> exists**.  <u>Id</u>. at *3-4 (emphasis added).

23  Moreover, Ninth Circuit precedent does not allow the imposition of 42 U.S.C.S. §

24  1983 liability against a municipality for isolated or sporadic incidents. <u>Grier v. Brown</u>,

25  230 F. Supp. 2d 1108, 1114 (N.D. Cal. 2002).

26      In the instant case, Plaintiff seeks to assert liability against the City of Baldwin

27  Park under the <u>Monell</u> theory that the City's "failure to supervise" caused the alleged

28  deprivation of Plaintiff's constitutional rights.  However, as witnessed by the plethora

of case law recited above, Plaintiff's complete omission of **ANY FACTS** to support this claim make it deficient and the claim is insufficient to withstand a motion to dismiss.  There are **NO** facts alleged in Plaintiff's First Amended Complaint that specifically identify the exact policy and/or custom held by the City of Baldwin Park that allegedly caused the conduct complained of.  Moreover, there are **NO** facts alleged in Plaintiff's First Amended Complaint which support the contention that the City of Baldwin Park failed to properly train, supervise, retrain, monitor or take corrective action with respect to the officers' alleged conduct.  As such, and considering the great weight of authority holding such, Plaintiff's allegations are deficient, and the claims upon which they are based should be dismissed pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

**B.   No Facts to Support Plaintiff's Claim of Unconstitutional Policies, Custom and Practices.**

In the subject Complaint, Plaintiff's Second Claim seeks to impute Monell-based liability against Defendant City of Baldwin Park.  Plaintiff's Complaint repeatedly alleges there are "policies, customs and practices" yet fails to identify any specific policies, fails to identify specific instances where these alleged policies and practices have been executed.  Plaintiff claims there have been other incidents involving Officer Felton and Sergeant Meister yet fails to cite to any evidence or facts to support these allegations.  Plaintiff continuously asserts that there is a history of multiple "claims" of misconduct and prior "incidents" within the Department, yet Plaintiff fails to identify even one incident beyond the alleged events which give rise to this litigation.

Plaintiff has set forth a plethora of Monell-related conclusory allegations against the City that are contained in Paragraphs 109-114 of the Complaint.  While these allegations are voluminous, they reference NO FACTS and are merely conclusory allegations of alleged "policies" without any facts to support such a claim. In short, all that truly is alleged in support of the Second Claim are legal conclusions

1    and vague allegations rather than specific facts that would show a custom and practice

2    of civil rights violations by the City.

3            The Complaint is devoid of any facts to support a <u>Monell</u>-related claim against

4    the City and Plaintiff cannot rely solely on legal conclusions and conclusory

5    allegations to withstand a dismissal of these claims. See <u>Dougherty v. City of Covina</u>,

6    654 F.3d 892 (9th Cir. 2011).  Indeed, "**courts have repeatedly rejected conclusory**

7    **<u>Monell</u> allegations that lack factual content from which one could plausibly infer**

8    **<u>Monell</u> liability**."  <u>Wilson ex rel. Bevard v. City of W. Sacramento</u>, No. CIV. 2:13-

9    2550 WBS, 2014 WL 1616450, at *1 (E.D. Cal. Apr. 22, 2014) (citing <u>Rodriguez v.</u>

10   <u>City of Modesto</u>, 535 Fed. Appx. 643, 646 (9th Cir. 2013)) (emphasis added); see <u>Via</u>

11   <u>v. City of Fairfield</u>, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) (dismissing

12   plaintiff's <u>Monell</u> claim because it was based on conclusory allegations, noting that

13   after <u>Ashcroft</u>, "courts have repeatedly rejected such conclusory allegations that lack

14   factual content from which one could plausibly infer <u>Monell</u> liability," and collecting

15   cases); <u>Stanley v. Goodwin</u>, 475 F. Supp. 2d 1026, 1038 (D. Haw. 2006) (concluding

16   that plaintiff's "bald allegations" regarding a store's policies were insufficient to

17   support a section 1983 claim in the absence of specific facts showing that the store

18   participated in a practice that deprived individuals of their constitutional rights).

19           These courts have also refused to accept the anticipated argument that the need

20   for discovery would override pleading a factual basis for liability under <u>Monell</u>.  In

21   <u>Via</u>, the plaintiff—much like Plaintiff here—recited the general standards giving rise

22   to municipal liability under section 1983 under the guise of "factual allegations."  The

23   district court addressed the plaintiff's argument that it needed discovery of the City's

24   policies and personnel files to "include any greater detail" by stating the following:

25           This low threshold for pleading a <u>Monell</u> claim, however, cannot

26           survive after the Supreme Court rejected "[t]hreadbare recitals of the

27           elements of a cause of action, supported by mere conclusory

28           statements" in <u>Ashcroft</u>.  Since <u>Ashcroft</u>, courts have repeatedly

MEMORANDUM OF POINTIS AND AUTHORITIES ISO DEFENDANT CITY
OF BALDWIN PARK'S NOTICE OF MOTION AND MOTION TO DISMISS

1   rejected such conclusory allegations that lack factual content from
2   which one could plausibly infer <u>Monell</u> liability.  <u>See e.g.</u>, <u>Palermo v.</u>
3   <u>Town of N. Reading</u>, 370 Fed. Appx. 128, 131 n.4 (10th Cir. 2010)
4   (dismissing a Monell claim when "the complaint as a whole contained
5   no factual assertions whatsoever regarding Town policy").  **Although**
6   **plaintiff may benefit from discovery, the Supreme Court has made**
7   **it clear that threadbare allegations are insufficient to "unlock the**
8   **doors of discovery for a plaintiff armed with nothing more than**
9   **conclusions**." <u>Id</u>. at 1196 (emphasis added) (citations omitted).

10      In the absence of any actual facts to support a <u>Monell</u> claim [i.e., a factually-
11   based custom, practice or policy that was the cause or moving force behind the alleged
12   deprivation of Plaintiff's constitutional rights], it is respectfully submitted that the
13   Second Claim be dismissed with prejudice as to Defendant City of Baldwin Park.

14   **V.    PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES IS IMPROPER**

15      Plaintiff's request for punitive damages is improper as punitive damages are not
16   recoverable <u>against the City of Baldwin Park</u>, a public entity, pursuant to <u>Government</u>
17   <u>Code</u> § 818 nor are they recoverable under Section 1983 and therefore are subject to
18   a Motion to Dismiss.  See <u>Danielson v. Wells Fargo Bank</u>, No. CV-11-5927 PSG-
19   PLAx, 2011 WL 4480849, at *3 (C.D. Cal. Sept. 26, 2011) ("The Ninth Circuit has
20   implicitly authorized the use of a 12(b)(6) motion to challenge a prayer for damages
21   precluded by law.") (citing <u>Whittlestone, Inc. v. Handi–Craft Co</u>., 618 F.3d 970, 974
22   (9th Cir.2010) (rejecting the use of a Rule 12(f) motion to strike damages precluded
23   by law because the Rule 12(f) motion was "really an attempt to have certain portions
24   of [the] Complaint dismissed," and, "a rule 12(b)(6) motion . . . already serves such
25   purpose")); <u>Delgado v. Nationstar Mortgage LLC</u>, No. 2:14-CV-02547-ODW, 2014
26   WL 2115218, at *7 (C.D. Cal. May 21, 2014) ("[A] court must evaluate damages
27   allegation under Rule 12(b)(6)" and not Rule 12(f)).

28      Government Code § 818 provides as follows:

MEMORANDUM OF POINTIS AND AUTHORITIES ISO DEFENDANT CITY
OF BALDWIN PARK'S NOTICE OF MOTION AND MOTION TO DISMISS

1
2
3
4

> Notwithstanding any other provision of law, a public entity is not liable
> for damages awarded under Section 3294 of the California Civil Code
> or other damages imposed primarily for the sake of example and by
> way of punishing the defendant.

5   Cal. Gov. Code, § 818.

6       Additionally, multiple courts have held that punitive damages are not available
7   against the City under Section 1983.  See, <u>City of Newport v. Fact Concerts, Inc</u>., 453
8   U.S. 247, 249 (1981) (a municipality is immune from punitive damages under 42
9   U.S.C. § 1983); <u>Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.</u>, 940 F.2d 397,
10  404 (9th Cir. 1991) ("Exemplary damages are not available against municipal
11  corporations.")

12      Based on the foregoing, Plaintiff's claim for punitive damages, and references
13  thereto and in the Prayer for Relief, should be dismissed.

14  **VI.    ALTERNATIVELY, A MORE DEFINITE STATEMENT IS NEEDED**

15      Under <u>Federal Rule of Civil Procedure</u>, Rule 12(e), "[a] party may move for a
16  more definite statement of a pleading to which a responsive pleading is allowed but
17  which is so vague or ambiguous that the party cannot reasonable prepare a response."
18  Accordingly, a motion is proper when a defendant cannot formulate a proper response
19  due to a complaint's lack of adequate factual information. See <u>Famalare, Inc. v. Edison
20  Bros. Stores, Inc.</u>, 525 F.Supp. 940, 949 (E.D. Cal. 1981). Here, Plaintiff fails to
21  provide facts as to the Defendant's specific actions that led to the creation and
22  furtherance of the alleged violations or any conspiracy. Therefore, in the event that
23  this Motion to Dismiss is not granted in its entirety, the Court should grant the Motion
24  for a More Definite Statement, pursuant to <u>Federal Rules of Civil Procedure</u>, Rule
25  12(e).

26  ///
27  ///
28  ///

## VII.  CONCLUSION

For the foregoing reasons, Defendant City of Baldwin Park respectfully requests that the Court grant its Motion to Dismiss the causes of action addressed above in Plaintiff's Complaint.  In the event that this Court is disinclined to grant Defendant's Motion to Dismiss in its entirety, Defendant City of Baldwin Park respectfully requests that the Court direct Plaintiff to provide a more definite statement of facts supporting each alleged claim.


DATED:  October 18, 2021                    CARPENTER, ROTHANS & DUMONT LLP


                                        By:  */s/ Katrina J. Valencia*
                                             STEVEN J. ROTHANS
                                             KATRINA J. VALENCIA
                                             Attorneys for Defendant
                                             CITY OF BALDWIN PARK, a Public Entity

MEMORANDUM OF POINTIS AND AUTHORITIES ISO DEFENDANT CITY
OF BALDWIN PARK'S NOTICE OF MOTION AND MOTION TO DISMISS