1  **STEVEN J. ROTHANS-STATE BAR NO. 106579**
   **KATRINA J. VALENCIA-STATE BAR NO. 230931**
2  **CARPENTER, ROTHANS & DUMONT LLP**
   **500 S. Grand Avenue, 19th Floor**
3  **Los Angeles, CA 90071**
   **(213) 228-0400 / (213) 228-0401 (Fax)**
4  **srothans@crdlaw.com; kvalencia@crdlaw.com**

5  Attorneys for Defendant,
   CITY OF BALDWIN PARK, a Public Entity

6

7

8              **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

10

11 ANTHONY ROMERO, an Individual.  )  Case No. 2:21-cv-07293-FMO-AFM
                                    )
12              Plaintiff.          )  **STIPULATED PROTECTIVE**
                                    )  **ORDER**
13         v.                       )
                                    )
14 CITY OF BALDWIN PARK, a          )
   Municipal Entity, OFFICER RYAN   )
15 FELTON, SERGEANT JOSEPH          )
   MEISTER, AND DOES 1 through 10,  )
16 Inclusive.                       )
                                    )
17              Defendants.         )
                                    )

18

19

20         Plaintiff ANTHONY ROMERO ("Plaintiff"), and Defendants CITY OF

21 BALDWIN PARK, a public entity,  and Sergeant JOSEPH MEISTER and Officer

22 RYAN FELTON, public employees, ("Defendants") the parties in this action – by

23 and through their respective counsel of record, hereby stipulate and respectfully

24 request that the Court enter a protective order re confidential documents in this

25 matter [pursuant to Fed. R. Civ. P. 5.2, 7, and 26, as well as U.S. Dist. Ct., C.D. Cal.,

26 Local Rules 7-1 and 52-4.1; and any applicable Orders of the Court] – as follows:

27 //

28 //

1.	A.	PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

However, the parties stipulate that all medical records and personnel records ("Confidential Materials") will not be distributed or conveyed, in any fashion, whether by original copy, summary, note, or verbal reference, to any individual that is not a named party to this litigation or counsel of record in this action, and that all such records will be destroyed at the close of litigation. The only exception to this stipulation is for experts retained by the parties. All such experts will be required to sign Exhibit "A" hereto stipulating they will not convey or otherwise distribute, in any fashion, any medical records or personnel information to any other individual and that all such records will be destroyed at the close of litigation.

B.	GOOD CAUSE STATEMENT

This action is likely to involve confidential peace officer personnel file documents, plaintiff's medical records, as well as personal identifying information of third-party witnesses (i.e. addresses, telephone numbers, etc.), for which special protection from public disclosure and from use for any purpose other than

prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, personnel file information; plaintiffs' confidential medical and/or psychotherapeutic treatment information; and personal identifying information of any third-party witnesses, otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.  By stipulating to the terms herein parties do not waive any objections to the production of records nor does this stipulation require the production of all records absent objection.

C.     ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana*

1    *v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v.*

2    *Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v.*

3    *Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated

4    protective orders require good cause showing), and a specific showing of good

5    cause or compelling reasons with proper evidentiary support and legal

6    justification, must be made with respect to Protected Material that a party seeks to

7    file under seal.  The parties' mere designation of Disclosure or Discovery

8    Material as CONFIDENTIAL does not— without the submission of competent

9    evidence by declaration, establishing that the material sought to be filed under

10   seal qualifies as confidential, privileged, or otherwise protectable—constitute

11   good cause.

12          Further, if a party requests sealing related to a dispositive motion or trial, then

13   compelling reasons, not only good cause, for the sealing must be shown, and the relief

14   sought shall be narrowly tailored to serve the specific interest to be protected. See

15   *Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each

16   item or type of information, document, or thing sought to be filed or introduced under

17   seal in connection with a dispositive motion or trial, the party seeking protection must

18   articulate compelling reasons, supported by specific facts and legal justification, for

19   the requested sealing order. Again, competent evidence supporting the application to

20   file documents under seal must be provided by declaration.

21          Any document that is not confidential, privileged, or otherwise protectable in

22   its entirety will not be filed under seal if the confidential portions can be redacted.  If

23   documents can be redacted, then a redacted version for public viewing, omitting only

24   the confidential, privileged, or otherwise protectable portions of the document, shall

25   be filed.  Any application that seeks to file documents under seal in their entirety

26   should include an explanation of why redaction is not feasible.

     2.     DEFINITIONS

27          2.1    Action: This pending federal lawsuit in *Anthony Romero, et al. v. City*

28   *of Baldwin Park, et al.*, case no. 2:21-cv-07293-FMO-AFM.

2.2    Challenging  Party: a Party or Non-Party that challenge the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:   Information   or   Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), California Government Code section 6254, California Evidence Code sections 1043 through 1045 and California Penal Code section 832.5, et seq., and as specified above in the Purposes and Limitations and Good Cause Statement.

2.4    Counsel:    Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11   Party:   any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:   a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors:   persons or entities that provide litigation support services (e.g., court reporting, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" and all Confidential Material under 2:16

2.15   Receiving Party:   a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16   Confidential Material: all medical records and personnel files of any party under California Government Code section 6254, California Evidence Code sections 1043 through 1045 and California Penal Code section 832.5, et seq

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations, or verbal communications by Parties or their Counsel that might reveal Protected Material by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

A.   Disposition Prior to Trial

Should this matter resolve prior to trial, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees

1  otherwise in writing or a court order otherwise directs. Final disposition shall be

2  deemed the dismissal of all claims and defenses in this Action, with or without

3  prejudice, and the entry of a judgment herein.  Upon final disposition all

4  Confidential Material shall be destroyed.

5     B.   Trial

6     Once  a case proceeds to trial, all of the court-filed information that is to be

7  introduced that was previously designated as confidential or maintained pursuant to

8  this protective Order, not including Confidential Materials, becomes public and will

9  be presumptively available to all members of the public, including the press, unless

10  compelling reasons supported by specific factual findings to proceed otherwise are

11  made to the trial judge in advance of the trial. See, _Hagestad v. Tragesser_, 49 F.3d

12  1430, 1434 (9th Cir. 1995); _San Jose Mercury News, Inc. v. U.S. District Court –_

13  _Northern District_, 187 F.3d 1096, 1102 (9th Cir. 1999); _Kamakana v. City of and_

14  _County of Honolulu_, 447 F.3d 1172, 1180-81 (9th Cir. 2006)[distinguishing "good

15  cause" showing for sealing documents produced in discovery from "compelling

16  reasons" standard when merits-related documents are part of court record].

17  Accordingly, the terms of this protective order do not extend beyond the

18  commencement of the trial as to those documents introduced at trial only.

19  Documents not introduced at trial or documents entered under seal shall remain

20  confidential until a Designating Party agrees otherwise in writing or a court order

21  otherwise directs.

22  5.   DESIGNATING PROTECTED MATERIAL

23     5.1   Exercise of Restraint and Care in Designating Material for Protection.

24  Each Party or Non-Party that designates information or items for protection under this

25  Order must take care to limit any such designation to specific material that qualifies

26  under the appropriate standards. The Designating Party must designate for protection

27  only those parts of material, documents, items or oral or written communications that

28  qualify so that other portions of the material, documents, items or communications

STIPULATED PROTECTIVE ORDER

1  for which protection is not warranted are not swept unjustifiably within the ambit of
2  this Order.

3  Mass, indiscriminate or routinized designations are prohibited. Designations
4  that are shown to be clearly unjustified or that have been made for an improper
5  purpose (e.g., to unnecessarily encumber the case development process or to impose
6  unnecessary expenses and burdens on other parties) may expose the Designating Party
7  to sanctions.

8  If it comes to a Designating Party's attention that information or items that it
9  designated for protection do not qualify for protection, that Designating Party must
10  promptly notify all other Parties that it is withdrawing the inapplicable designation.

11  5.2    Manner and Timing of Designations. Except as otherwise provided in
12  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
13  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
14  under this Order must be clearly so designated before the material is disclosed or
15  produced.

Designation in conformity with this Order requires:

16  (a)    for information in documentary form (e.g., paper or electronic
17  documents, but excluding transcripts of depositions or other pretrial or trial
18  proceedings),      that    the    Producing    Party affix   at     a     minimum
19  the    legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each
20  page that contains protected material. If only a portion of the material on a page
21  qualifies for protection, the Producing Party also must clearly identify the protected
22  portion(s) (e.g., by making appropriate markings in the margins). All Confidential
23  Materials shall be deemed confidential regardless of designation.

24  A Party or Non-Party that makes original documents available for inspection
25  need not designate them for protection until after the inspecting Party has indicated
26  which documents it would like copied and produced.  During the inspection and
27  before the designation, all of the material made available for inspection shall be
28  deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents

STIPULATED PROTECTIVE ORDER

it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then,  before  producing the  specified  documents,  the  Producing  Party  must  affix  the  "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."   If only  a  portion  or  portions  of  the  information  warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges.</u>   Any  Party  or  Non-Party  may  challenge  a designation  of  confidentiality  at  any  time  that  is  consistent  with  the  Court's Scheduling Order other than Confidential Materials.

6.2     <u>Meet and Confer.</u>  The  Challenging  Party  shall  initiate  the  dispute resolution process under Local Rule 37-1 et seq.

6.3     Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.     Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.     Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.     Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order which include named Parties, Counsel of Record that have appeared in this Action on behalf of a Party, House Counsel, and experts that have signed Exhibit "A".   When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving  Party may disclose    any  information or     item  designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action and House Counsel;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom

STIPULATED PROTECTIVE ORDER

1    disclosure is reasonably necessary for this Action and who have signed the

2    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3         (d)    the court and its personnel;

4         (e)    court reporters and their staff;

5         (f)    professional jury or trial consultants, mock jurors, and Professional

6    Vendors to whom disclosure is reasonably necessary for this Action and who have

7    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8         (g) the author or recipient of a document containing the information or a

9    custodian or other person who otherwise possessed or knew the information;

10        (h) during their depositions, witnesses, and attorneys for witnesses, in the

11   Action to whom disclosure is reasonably necessary provided: (1) the deposing party

12   requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will

13   not be permitted to keep any confidential information unless they sign the

14   "Acknowledgment and Agreement to Be Bound" (Exhibit A) and it is agreed by the

15   Designating Party or ordered by the court.    Pages   of   transcribed   deposition

16   testimony or exhibits to depositions that reveal Protected Material may be separately

17   bound by the court reporter and may not be disclosed to anyone except as permitted

18   under this Stipulated Protective Order; and

19        (i)    any mediator or settlement officer, and their supporting personnel,

20   mutually agreed upon by any of the parties engaged in settlement discussions.

21   Notwithstanding   the   aforementioned   specified   categories   of   persons   and

22   circumstances, all documents designated CONFIDENTIAL and their contents,

23   including and especially, but not limited to, Confidential Material, documents and

24   depositions under seal containing the identities of witnesses, employees/personnel

25   and consultants shall expressly be deemed "Attorneys' Eyes Only," meaning its

26   disclosure shall be limited only to counsel for the parties in addition to the

27   aforementioned specified categories of persons and circumstances.

//

28   //

STIPULATED PROTECTIVE ORDER

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
        IN OTHER LITIGATION

        If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

        (a)     promptly notify in writing the Designating Party.   Such   notification shall include a copy of the subpoena or court order;

        (b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

        (c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

        If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      A     NON-PARTY'S     PROTECTED     MATERIALSOUGHT     TO
        BE PRODUCED IN THIS LITIGATION

        (a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

        (b)  In the event that a Party is required, by a valid discovery request, to produce

a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

      (1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

      (2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      (3)     make the information requested available for inspection by the Non-Party, if requested.

      (c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

//

STIPULATED PROTECTIVE ORDER

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED    OR    OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).   This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.   Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   <u>MISCELLANEOUS</u>

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

Within 60 days of the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or

destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  June 23, 2022                    CARPENTER, ROTHANS & DUMONT LLP


By:  /s/ Katrina J. Valencia
     STEVEN J. ROTHANS
     KATRINA J. VALENCIA
     Attorneys for Defendant
     CITY OF BALDWIN PARK, a Public Entity

1  DATED:  June 23, 2022              HAIGHT BROWN & BONESTEEL

2                                     By: /s/            /s/
3                                         KEVIN OSTERBERG
                                          Attorneys for Defendant
4                                         SERGEANT JOSEPH MEISTER, a public
5                                         employee

6  DATED:  June 23, 2022              JONES & MAYER

7                                     By: /s/            /s/
8                                         JAMES R. TOUCHSTONE
                                          MELISSA M. BALLARD
9                                         Attorneys for Defendant
10                                        OFFICER RYAN FELTON, a public
11                                        employee

12 Date:  June 23, 2022               THE OUCHI LAW FIRM, A.P.C.
13

14                                    By:   /s/            /s/
                                           WESLEY G. OUCHI
15                                         Counsel for Plaintiff,
16                                         ANTHONY ROMERO

17                         **ATTESTATION CLAUSE**
18

19 Pursuant to Local Rule 5-4.3.4(a)(2)(i), the ECF filer set forth below, Katrina J.
   Valencia, attests that all other signatories listed, and on whose behalf the filing is
20 submitted, concur in the filing's content and have authorized the filing.

21 Dated: June 23, 2022               By: /s/ Katrina J. Valencia____
22                                        Katrina J. Valencia

23  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

24  DATED: 6/23/2022

25

26

27  HON. ALEXANDER F. MacKINNON
28  United States Magistrate Judge

-16-
STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Anthony Romero, et al. v. City of Baldwin Park, et al.*, case no. 2:21-cv-07293-FMO-AFM**]**.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER